Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JHON DAVID GUEVARA TABORDA, on behalf of himself and others similarly situated, | Case No. 17 Civ. 2388 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| EL RANCHO DE ANDRES CARNE DE TRES, INC., HAROLD CANON and DIANA VARGAS, individually, | ECF Case |
| Defendants. | |

Plaintiff, Jhon David Guevara Taborda ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, El Rancho de Andres Carne de Tres, Inc. (hereinafter, "Andres Carne de Tres"), and Harold Canon and Diana Vargas, individually (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Jhon David Guevara Taborda, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Jhon David Guevara Taborda, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff is an adult resident of Queens County, New York.

6. Defendant, El Rancho de Andres Carne de Tres, Inc., dba Andres Carne de Tres, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 5105 58th Street, Woodside, New York 11377.

7. Upon information and belief, Defendant, Harold Canon, is the owner, general manager, officer, director and/or managing agent of Andres Carne de Tres, whose address is unknown at this time and who participated in the day-to-day operations of Andres Carne de Tres and acted intentionally and maliciously and is an "employer"

pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Andres Carne de Tres.

8. Upon information and belief, Defendant, Diana Vargas, is the owner, general manager, officer, director and/or managing agent of Andres Carne de Tres, whose address is unknown at this time and who participated in the day-to-day operations of Andres Carne de Tres and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Andres Carne de Tres.

9. The individual defendants both exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. Plaintiff, Jhon David Guevara Taborda, was employed by Defendants in Queens County, New York, to work as a waiter and bartender at Defendants' Restaurant known as "Andres Carne de Tres" from in or about June 2010 through November 10, 2016.

11. At all relevant times, Andres Carne de Tres was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, Jhon David Guevara Taborda, was directly essential to the business operated by Andres Carne de Tres.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Jhon David Guevara Taborda lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

14. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Jhon David Guevara Taborda lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

15. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Jhon David Guevara Taborda lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

16. Plaintiff, Jhon David Guevara Taborda, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17. On or about June 2010, Plaintiff, Jhon David Guevara Taborda, was hired by Defendants to work as a waiter at Defendants' restaurant known as "Andres Carne de Tres" located at 5105 58th Street, Woodside, New York.

18. Plaintiff, Jhon David Guevara Taborda, worked for the Defendants in the capacity of a food server and bartender, between June 2010 until on or about November 10, 2016, though he temporarily left his employment, during several months in 2012; and during several months in 2014.

19. During Plaintiff's employment by Defendants, he often worked over forty (40) hours per week. Prior to 2016, Plaintiff generally worked five (5) days per week. His typical weekly schedule was Wednesday through Sunday, and he worked nine (9) hours on weeknights (i.e., Wednesday and Thursday); approximately twelve (12) hours on Fridays and Saturdays; and approximately eight (8) hours on Sundays, for a total of fifty (50) working hours per week.

20. In 2016, Plaintiff worked four (4) nights per week, Thursdays through Sundays, for a total of forty-one (41) hours per week.

21. On weekends, normally Plaintiff worked more than ten (10) hours per shift.

22. Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid a flat rate of thirty dollars ($30.00) per shift and worked five (5) shifts per week; in 2016 his pay was increased to forty dollars ($40.00) per shift and he worked four (4) shifts per week. He was not paid hourly, or for every hour worked, and, work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

23. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

25. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime

rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

26. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

27. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

28. Defendant, Harold Canon, is an individual who, upon information and belief, owns the stock of Andres Carne de Tres, owns Andres Carne de Tres, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

29. Defendant, Diana Vargas, is an individual who, upon information and belief, owns the stock of Andres Carne de Tres, owns Andres Carne de Tres, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between April, 2014 through the date that the opt-in period expires as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage, and less than time and one-

half the statutory minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

31. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there may be more than one hundred (100) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

32. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

33. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

34. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

35. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether the Defendants failed to keep accurate wage and hour records for hours worked by Plaintiff and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

36. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

37. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

38. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Defendants employed Plaintiff and the collective action members, within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42. Plaintiff, Jhon David Guevara Taborda, as well as other similarly situated employees, worked hours for which he was paid no wages; and at all other times, he was paid less than the statutory minimum hourly wage.

9

43. At all relevant times, Plaintiff and others similarly situated, were paid a flat fee per shirt; he was not paid an hourly wage, and the restaurant did not keep track of his working hours using a time clock or similar system.

44. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and similarly situated employees, for his hours worked.

45. Defendants failed to pay Plaintiff and similarly situated employees, minimum wages in the lawful amount for his hours worked.

46. Plaintiff, Jhon David Guevara Taborda, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

47. Defendants failed to pay Plaintiff and similarly situated employees, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

48. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew

or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

50. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiff, Jhon David Guevara Taborda, of his rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

55. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

56. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "55" of this Complaint as if fully set forth herein.

57. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked, and minimum wages in the lawful amount for hours worked.

59. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

61. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

62. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying him for his full hours worked; and, overtime due.

64. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

65. Plaintiff was not provided with a proper, written notice at the time of hiring, as required by law.

66. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, Jhon David Guevara Taborda, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 21, 2017

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Jhon Guevara Taborda__, am an employee currently or formerly employed by __Andres Carne de Tres__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 20, 2017

_____